Esther **WORTHINGTON**, Plaintiff,

v.

**JOINT SCHOOL DISTRICT NO. 16 et al.,**
Defendants.

No. 70–C–393.

United States District Court,
E. D. Wisconsin.

Sept. 3, 1970.

John J. McLario, Menomonee Falls, Wis., for plaintiff.

James D'Amato, Waukesha, Wis., for defendants.

DECISION and ORDER

MYRON L. GORDON, District Judge.

In her complaint, the plaintiff alleges that in refusing to rehire her as a teacher, the defendants have violated both her procedural and substantive rights. The issue presently before this court is whether the plaintiff is entitled to an order before trial which would reinstate her to employment as a teacher.

The complaint in this action was filed on July 15, 1970; by stipulation, the parties have agreed that the defendants' answer need not be filed until September 15, 1970. However, briefs from both sides have been submitted in connection with the pending application for an order directing reinstatement.

With regard to procedural due process, it appears that Mrs. Worthington was notified by mail in February, 1970, that nonrenewal of her contract was being considered by the school board. Shortly thereafter, on February 21, 1970, the plaintiff, through counsel, requested a meeting with the school board. Such meeting was held on March 9, 1970. At that meeting, the plaintiff was present in person and was accompanied by her attorney and also by her husband. There is some disagreement between the parties as to what transpired at that meeting, and particularly as to whether the plaintiff was furnished with a list of the reasons for her non-retention. However, I am persuaded that for the purposes of the present motion, there was adequate compliance with the minimal requirements of procedural due process, as discussed in Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970).

With regard to the plaintiff's claim that her substantive rights under the fourteenth amendment have been violated, the parties are in sharp disagreement as to the nature of Mrs. Worthington's conduct as a teacher. The principal of the school in question, Sylvester Racinowski, has submitted to the court an affidavit which sets forth a number of substantial reasons to support the board's refusal to renew Mrs. Worthington's contract. If the reasons advanced in Mr. Racinowski's affidavit are true and correct, it would follow that non-retention of Mrs. Worthington was lawful. See Pickering v. Board of Education, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968) and Cafeteria Workers v. McElroy, 367 U.S. 886, 81 S.Ct. 1743, 6 L.Ed.2d 1230 (1960).

I conclude that the plaintiff has not made a sufficient showing of probable success in her action to warrant the summary granting of her application for reinstatement as a teacher.

Now, therefore, it is ordered that the plaintiff's application for a summary order of reinstatement be and hereby is denied.